[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

————————

No. 07-10088

————————

D. C. Docket No. 06-02060 CV-T-26-TBM

PDS GAMING CORPORATION,

                                        Plaintiff-Counter-
                                        Defendant-Appellant,

CDD ENTERPRISES, INC., et al.,

                                        Intervenors-Plaintiffs,

                    versus

M/V OCEAN JEWELL OF ST. PETERSBURG,
Official Number 7625823, her boats, engines,
tackle, apparel, furnishings, equipment and
appurtenances, in rem, et al.,

                                        Defendants,

M/V CASINO ROYALE,
Official Number 7350442, her boats, engines,
tackle, apparel, furnishings, equipment and
appurtenances in rem,
21 MIAMI OCEANS INTERNATIONAL LTD., et al.,

                                        Defendants-Counter-
                                        Claimants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(October 15, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and PROCTOR,* District Judge.

PER CURIAM:

This is an appeal from the district court's order vacating the arrest of M/V Casino Royale ("M/V Casino Royale"). The underlying case arises out of various agreements related to the purchase of over $7,000,000 in gaming equipment for the gambling ship M/V Ocean Jewell of St. Petersburg ("M/V Ocean Jewell") from plaintiff/appellant PDS Gaming Corporation ("PDS"). PDS claimed in the district court that under the terms of its agreement the gaming devices were to remain on the M/V Ocean Jewell until full payment was made under the contract. However, other than an initial deposit of $100,000, no payments were made, and 505 of the 626 gaming devices were moved from the M/V Ocean Jewell to the M/V Casino Royale. PDS asserts that the transfer was made without its knowledge or consent, but admits in its reply brief that it knew

---

*Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

about the transfer two days before executing the purchase and sale agreement. After several demands for payment, and after receiving no response, PDS commenced its action against the corporate and individual defendants *in personam* and against the M/V Ocean Jewell *in rem* for breach of contract, conversion, replevin, and for goods had and received. PDS also sought a maritime lien on the M/V Ocean Jewell. Moreover, PDS filed an *in rem* action for conversion, replevin, and on a common count for goods had and received against the M/V Casino Royale for the tortious transfer of the gaming devices sold to the M/V Ocean Jewell. Subsequently, the M/V Casino Royale was arrested.

Later, the district court concluded that a demand and refusal of return was a prerequisite to a claim for conversion. Finding no demand and refusal, the district court reversed its finding of probable cause to seize the M/V Casino Royale and ordered the vessel released and the defendants to post a $250,000 security bond. PDS moved under Fed. R. Civ. P. 59(a) for a new trial and moved under Fed. R. Civ. P. 59(e) to alter or amend the order vacating the arrest. The district court summarily denied these motions. PDS then filed this interlocutory appeal.

The issues presented on appeal are:

(1) Whether we have jurisdiction over this appeal.

(2) Whether this appeal is moot.

3

(3) Whether the district court abused its discretion when it failed to address the merits of PDS's Fed. R. Civ. P. 59 motion.

(4) Whether the district court erred in vacating the arrest of M/V Casino Royale due to the application of incorrect legal standards during the Supplemental Rule E(4)(f) hearing.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that we have jurisdiction over this appeal under the collateral order doctrine. *See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 688-89, 70 S. Ct. 861, 865 (1950). Second, we conclude from the record that this appeal is not moot.

Having determined that we have jurisdiction, we turn our attention to the two merits issues presented in this appeal. We conclude from the record that the district court committed two legal errors that justify a remand of this case. First, PDS timely filed a Rule 59 motion following the district court's order vacating the arrest of the M/V Casino Royale. We conclude that the district court abused its discretion by summarily denying the motion without considering it on the merits. Accordingly, we must remand this case to the district court with directions that it consider PDS's Rule 59 motion on the merits. Second, while the district court articulated the correct standard which must be met to determine whether an

4

arresting party is entitled to a warrant of arrest, it in fact improperly turned the Supplemental Rule E(4)(f) hearing into a mini-trial and posed a much higher burden on PDS than is authorized, applied an incorrect legal standard to the maritime law of conversion, and failed to consider the claim for replevin. Accordingly, we must vacate the district court's order and remand this case for the district court to apply the correct legal standard.[1]

For the above-stated reasons, we vacate the district court's order vacating the arrest of M/V Casino Royale and remand this case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

[1]The record demonstrates that the district court erroneously interpreted the law of conversion to require a demand and a refusal to relinquish. The district court's ruling was contrary to Florida law. *See Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So.2d 1157, 1161 (Fla. Dist. Ct. App. 1984).